FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TRACY J. ERCANBRACK,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHINGTON COUNTY et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER<br>GRANTING DEFENDANTS' MOTION<br>FOR SUMMARY JUDGMENT**<br><br>Case No. 2:07-CV-663 DS<br><br>District Judge David Sam<br>Magistrate Judge Paul Warner |

Plaintiff, Tracy J. Ercanbrack, originally filed this civil rights suit in the Utah Fifth Judicial District Court with the assistance of counsel.  The case was removed to this court under 28 U.S.C. § 1446(a).  *See* 28 U.S.C.A. § 1446(a) (West 2009). Before the Court is Defendants' motion for summary judgment.

## ANALYSIS

### I. Plaintiff's Claims

Plaintiff's Amended Complaint alleges two federal claims, cruel and unusual punishment under the Eighth Amendment and denial of due process under the Fourteenth Amendment.  Plaintiff also asserts pendent state law claims for negligence, intentional infliction of emotional distress and theft.  The Amended Complaint names as defendants Washington County, the Washington County Sheriff's Department, Purgatory Correctional Facility, and

multiple John Does.  Plaintiff seeks compensatory and punitive damages, attorney fees and costs.

Plaintiff's claims stem from treatment he experienced while incarcerated at the Purgatory Correctional Facility (PCF) in Washington County, Utah.  Plaintiff alleges that on August 26, 2006, he was involved in a motorcycle accident in which he suffered numerous injuries.  Plaintiff was taken to PCF on September 6, 2006.  Shortly after arriving at PCF Plaintiff began requesting medical treatment for various ailments including an abscessed tooth, stitches that needed to be removed, rocks lodged in his knee, and loss of feeling on one side of his face. Plaintiff states that he was taken to outside doctors several times and received consultations, x-rays, and referrals but did not receive needed follow-up treatment.  Plaintiff alleges that on several occasions PCF officials refused Plaintiff treatment and told him that they did not have the ability or resources to treat Plaintiff's conditions.  Plaintiff requested medical furloughs to obtain treatment on his own but alleges that his requests were vigorously opposed by the prosecutor in his criminal case.  Plaintiff also states that he has been denied pain medication, ample opportunity to exercise, and had his medical records confiscated at one point.  Plaintiff alleges that the inadequate medical care caused him to suffer "constant and

chronic pain" and may have caused permanent injury.

On July 28, 2008, Defendants filed a *Martinez* Report documenting PCF policies regarding medical treatment for prisoners, the facility's grievance process, and Plaintiff's grievance history while at the facility. In conjunction with the *Martinez* Report Defendants also filed the present motion for summary judgment asserting that Plaintiff's claims are barred under Prisoner Litigation Reform Act for failure to exhaust available administrative remedies before filing suit. Defendants also assert that even if Plaintiff is found to have satisfied the exhaustion requirement the Amended Complaint should be dismissed for failure to state a claim.

## II. Summary Judgment Analysis

Before reaching Defendants' argument that Plaintiff's Amended Complaint fails to state a claim the Court will first address Defendants' motion for summary judgment based on failure to exhaust.

### A. Exhaustion Requirement

The PLRA requires inmates to exhaust all available administrative remedies before filing suit in federal court. Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

3

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a) (West 2009). Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. *See Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919 (2007).

The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). Moreover, the Supreme Court has refused to "read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 1825 (2001). And, the Tenth Circuit has held that "[t]he statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).

Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *before* filing a complaint in federal court. *See Porter*, 534 U.S. at 524 (citing

4

*Booth*, 532 U.S. at 741).  However, it is well recognized that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)."  *Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)*; *see also* *Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002)*.  Thus, "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies."  *Lyon v. Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002)*.

### B. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case."  *Cellotex v. Catrett, 477 U.S. 317, 325 (1986)*.  This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case.  *Johnson v. City of Bountiful, 996 F. Supp 1100, 1102 (D. Utah 1998)*

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material

fact regarding the existence of [the disputed] element." _Id._
Rule 56(e) requires a nonmovant "that would bear the burden of
persuasion at trial" to "go beyond the pleadings and 'set forth
specific facts' that would be admissible in evidence in the event
of a trial from which a rational trier of fact could find for the
nonmovant." _Adler v. Wal-Mart Stores_, 144 F.3d 664, 671 (10th
Cir. 1998). The specific facts put forth by the nonmovant "must
be identified by reference to an affidavit, a deposition
transcript or a specific exhibit incorporated therein." _Thomas
v. Wichita Coca-Cola Bottling_, 968 F.2d 1022, 1024 (10th Cir.
1992). Mere allegations and references to the pleadings will not
suffice. However, the Court must "examine the factual record and
reasonable inferences therefrom in the light most favorable to
the party opposing the motion." _Lopez v. LeMaster_, 172 F.3d 756,
759 (10th Cir. 1999).

The Tenth Circuit has recognized that, given the fact
sensitive nature of exhaustion determinations, "a motion for
summary judgment limited to the narrow issue of exhaustion and
the prisoner's efforts to exhaust is appropriate." _Steele v.
Fed. Bureau of Prisons_, 355 F.3d 1204, 1211 (10th Cir. 2003),
_abrogated on other grounds by Jones_, 549 U.S. 199. When deciding
such a limited motion for summary judgement the court applies the

same procedures used for other summary judgment determinations.
Thus, the moving party bears the initial burden of showing that
there is an absence of evidence to support the plaintiff's
contention that he exhausted all available administrative
remedies.  Once the moving party has made such a showing, the
burden then shifts to the nonmoving party to produce admissible
evidence showing that genuine issues of material fact exist
precluding summary judgment on the exhaustion question.

### C. Defendants' Summary Judgment Motion

Defendants' motion for summary judgment asserts that PCF
grievance records show Plaintiff failed to exhaust his present
claims before filing this suit.  In support of this argument
Defendants have submitted a copy of the PCF Grievance Policy in
effect at the time Plaintiff filed his Complaint.  (Defs.' Mem.
Supp. Mot. Summ. J. Ex. A.)  According to that policy, in order
to fully exhaust administrative remedies at PCF inmates must
complete a two-level grievance process:  First, within seven days
of the precipitating event the inmate must submit a written
grievance to jail deputies.  The Shift Sergeant is required to
personally respond to the Level 1 grievance within seven days.
Second, if the inmate is unsatisfied with the Level 1 response he
must appeal the decision to the Chief Deputy within three days

after receiving the Level 1 response.  The Chief Deputy is required to respond to Level 2 grievances within seven days and no administrative review of the Chief Deputy's determination is available.  (Defs.' Mem. Supp. Mot. Summ. J. Ex. A, PG 51/03.00-PG4.05.)

Defendants have also submitted copies of all grievance records relevant to this case.  (Defs.' Mem. Supp. Mot. Summ. J. Ex. D.)  These records show that Plaintiff exhausted only two grievances at PCF prior to filing this suit,[1] the first grievance being dated September 27, 2006, and the second October 19, 2006.[2] As Defendants point out, however, neither of these grievances track the specific claims alleged in Plaintiff's Amended Complaint.  As explained in the Affidavit of Jail Commander Mary Reep, "[t]hese two grievances concerned general medical care issues about [Plaintiff] being able to select his own medical providers, legal access, child support collection issues, and transportation issues, but did not raise issues relating to Plaintiff's specific allegations in his complaint."  (Reep Aff. ¶

---

[1]  This case was originally filed in the Utah Fifth Judicial District Court on August 3, 2007.

[2]  Defendants' supporting memorandum and Reep's affidavit both cite the respective dates of these grievances as October 6, and November 2, 2006.  Those dates, however, appear to be when the Level 1 responses were entered, not when the grievances were submitted.

14.)  The Court agrees with this conclusion.  Having reviewed
both of these grievances, and the responses thereto, the Court is
convinced that Plaintiff's grievances did not give Defendants
fair notice of the specific claims presented in this case.
Although the grievances do state Plaintiff's dissatisfaction with
the overall care provided by PCF, they do not mention specific
medical needs such as those raised in this suit.  Moreover, the
grievances also mention a variety of other issues, such as child
support payments, legal access and transportation problems,
giving the impression that Plaintiff was not primarily concerned
about his medical treatment.

Based on the grievance records contained in the *Martinez*
Report, the Court concludes that Defendants have satisfied their
initial burden on summary judgment of demonstrating that there is
no evidence showing that Plaintiff exhausted available
administrative remedies on any of the claims raised in this case.
Thus, the burden now rests with Plaintiff to produce admissible
evidence showing that there is a genuine issue of material fact
remaining on this issue.

**D. Plaintiff's Failure to Respond to Summary Judgment Motion**

Defendants' *Martinez* Report, motion for summary judgement
and supporting memorandum were filed on July 29, 2008.  On August

9

31, 2008, Plaintiff's counsel filed a motion seeking additional time to file an opposition memorandum. Plaintiff's counsel stated that the extension was necessary because he was having computer problems and difficulty communicating with his client. Then, on September 15, 2008, the extended deadline for Plaintiff's opposition memorandum, Plaintiff's counsel filed a Motion to Withdraw as Attorney stating "[c]ounsel is having trouble communicating with Defendant and does not feel he is capable at this time to go forward with this case." (Doc. no. 17.) On November 17, 2008, the motion to withdraw was denied for failure to comply with the rules of civil procedure. (Doc. no. 20.) The Court has not received any correspondence from Plaintiff or his attorney since.

Rule 56(e)(2) of the Federal Rules of Civil Procedure states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). Defendants have properly supported their motion for summary judgment on the issue of exhaustion as

10

provided in Rule 56.  Thus, to survive summary judgment Plaintiff
was required to produce evidence that would lead a rational trier
of fact to conclude either that Plaintiff completed both levels
of the PCF administrative grievance process, or that he was
prevented from doing so.  By not responding to Defendants' motion
Plaintiff has clearly failed to meet this burden.  Plaintiff's
failure cannot be excused, particularly in light of the fact that
Plaintiff is represented by counsel in this case.  Accordingly,
the Court concludes that Defendants are entitled to summary
judgment on Plaintiff's federal claims.

## III. State Law Claims

Under 28 U.S.C. § 1367(c)(3) a district court may decline to
exercise supplemental jurisdiction over state law claims if the
court has dismissed all claims over which it has original
jurisdiction.  *See* 28 U.S.C.A. § 1937(c)(3) (West 2009).  Having
concluded that Defendants are entitled to summary judgment on
Plaintiff's federal claims the Court declines to exercise
supplemental jurisdiction over Plaintiff's state law claims and,
therefore, dismisses them without prejudice.

11

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendants' motion for summary judgment is **GRANTED** as to all federal claims raised in the Amended Complaint;

(2) Plaintiff's pendent state law claims are dismissed without prejudice.

Dated this _3rd_ day of March, 2009.

BY THE COURT:

DAVID SAM
United States District Judge

12